**NOT FOR PUBLICATION**



# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>DARRICK FLOYD MORGAN,<br><br>                Debtor. | Case No. SV 06-10312 MT<br><br>Chapter 13<br><br>**MEMORANDUM OF DECISION AND ORDER ON MOTION FOR ORDER IMPOSING A STAY**<br><br>Date: March 16, 2006<br>Time: 2:00 p.m.<br>Place: Courtroom 302 |

Debtor filed this Chapter 13 bankruptcy on March 10, 2006. This is his third Chapter 13 bankruptcy filing within the past year. Schedules, a Chapter 13 plan, and other missing documents are due on March 25, 2006. His two recent prior filings were filed September 15, 2005 and January 4, 2006, respectively. Both cases were dismissed for failure to make the required pre-confirmation payments. Debtor does not dispute that he falls within 11 U.S.C. § 362(c)(4)(A)(i) that states that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were

dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case."

Accordingly, there is no automatic stay in Debtor's current bankruptcy. Debtor brings this motion to impose the stay against all creditors.

Debtor's declaration states as follows:

1. There is a foreclosure sale scheduled for Friday, March 17, 2006 at 10:30 a.m. If the stay in not imposed, the Debtor will lose his house to the foreclosure sale.

2. On or about September 2005, a Notice of Sale was filed on the Debtor's property and he sought refinancing to cure the default. The refinancing took longer than expected and Debtor's broker referred him to a paralegal in order to file a Chapter 13 bankruptcy to stop the foreclosure sale.

3. Debtor filed bankruptcy on September 15, 2005. Debtor's broker advised Debtor to let his case get dismissed because the loan would be completed. The case was then dismissed on November 9, 2005 for failure to make the required payments to the Chapter 13 trustee.

4. Debtor filed another bankruptcy on January 4, 2006 because Debtor's refinance could not be consummated by the lender's foreclosure sale date and Debtor's broker again advised him to file Chapter 13 to stop the sale.

5. As the refinance was about to close, the broker again told Debtor to allow his case to get dismissed. Debtor's bankruptcy was dismissed on March 3, 2006. However, the date before funding the new loan, a statement of information revealed a tax lien against the Debtor and the refinance could not go through because the Debtor's loan-to-value increased.

6. Debtor has the ability and sufficient income to perform and complete a

reorganized Chapter 13 plan.

    a.    Debtor has a steady paying job and his wife currently works two jobs.

    b.    Debtor has hired counsel to competently prepare his schedules in order to make the plan feasible to repay the mortgage arrears and the IRS.

    c.    Debtor wants the stay in his case in order to reorganize his debt in a proper Chapter 13 to stop the foreclosure sale on his property and resolve his income tax issues.

7.    If the stay is imposed, the Debtor will immediately tender mortgage payments to his lenders.

8.    Debtor wants the stay imposed as to all creditors.

There was no time to provide for any written opposition before the hearing as this motion was filed only two days before the foreclosure sale was scheduled. Notice was to be provided by phone and fax or personal delivery. Foreclosing creditor Countrywide did receive notice and informed Debtor's counsel they would not be appearing, so no opposition to the motion was presented at the hearing.

The Court has the discretion to impose the stay under certain circumstances. 11 U.S.C. §362(c)(4)(B) provides: "if, within 30 days after filing the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

The burden of proof is delineated in §362(c)(4)(D) as follows:

[F]or purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –

1    (i)    as to all creditors if –
       (I)    2 or more previous cases under this title in which the individual was a
2              debtor were pending within the 1-year period;
       (II)    a previous case under this title in which the individual was a debtor was
3              dismissed within the time period stated in this paragraph after the debtor
          failed to file or amend the petition or other documents as required by this
4              title or the court without substantial excuse (but mere inadvertence or
          negligence shall not be substantial excuse unless the dismissal was
5              caused by the negligence of the debtor's attorney), failed to provide
          adequate protection as ordered by the court, or failed to perform the terms
6              of a plan confirmed by the court; or
       (III)    there has not been a substantial change in the financial or personal affairs
7              of the debtor since the dismissal of the next most previous case under this
          title, or any other reason to conclude that the later case will not be
8              concluded, if a case under chapter 7, with a discharge, and if a case
          under chapter 11 or 13, with a confirmed plan that will be fully performed;
9              or
(ii)    as to any creditor that commenced an action under subsection (d) in a previous
10         case in which the individual was a debtor if, as of the date of dismissal of such
     case, such action was still pending or had been resolved by terminating,
11         conditioning, or limiting the stay as to such action of such creditor.

12         Debtor has properly filed the request to impose the stay within the 30 day time

13    frame. However, the presumption that this case has not been filed in good faith arises

14    under section 362(c)(4)(D)(i)(I) as to all creditors because debtor had 2 previous

15    pending bankruptcies within the 1 year period. Debtor may rebut the presumption by

16    clear and convincing evidence showing that this Chapter 13 case was in fact filed in

17    good faith. At the very least, if Debtor wishes to stop the foreclosure as to the secured

18    creditor on the house, Debtor must show by clear and convincing evidence that the

19    filing has been made in good faith as to the secured creditor, Countrywide.

20         At this hearing, I only considered the imposition of the stay as to Countrywide

21    who had a foreclosure sale scheduled for the morning of the day after the hearing. I will

22    not consider any motion as to the remaining creditors at this time. The notice to such

23    creditors would have been insufficient, and such shortened notice does not appear to

24    be warranted under any exigent circumstances as to those creditors. The Debtor

25    wishes to pursue his motion as to the remaining creditors after this initial hearing, so he

26

is to renotice the motion and mail it by March 21, 2006, and it will be heard on April 6, 2006 at 9:30 am on the Court's relief from stay calendar. That portion of his motion seeking a stay as to the remaining creditors is continued. A copy of the order on this portion of the motion should be included.

Turning to the merits of Debtor's request, it appears that the question of "good faith" controls here. Unfortunately, there is no definition of "good faith" under section 362(c)(4) or anywhere else in the Code. With respect to section 1325(a)'s mention of good faith, courts in this Circuit have adopted a case-by-case approach, whereby a multi-factor test is employed. In re Goeb, 675 F.2d 1386, 1390 (9th Cir. 1982); In re Villanueva, 274 B.R. 836, 841 (9th Cir. BAP 2002). Courts are to use a "totality of the circumstances" approach, with the underlying focus being on whether the debtor has acted equitably in proposing his plan. Id. The inquiry should include, but is not limited to (1) whether the Debtor has misrepresented facts in his plan, (2) whether the Debtor has unfairly manipulated the Bankruptcy Code, and (3) whether the Debtor has otherwise acted in an inequitable manner.

The "good faith" definitions already provided in this Circuit are broad and flexible enough that it would be appropriate to use them in analyzing good faith under this statutory section as well. In addition, "the court must draw upon prior cases interpreting the phrase "good faith" because Congress was presumptively aware of such case law when it used the term in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). "It has long been the rule that absent clear Congressional intent to the contrary, judicial interpretations of prior law are determinative when concepts, words, or statutory sections are adopted in an amended law on the same subject." In re Montoya, 333 B.R. 449, 457 (Bankr. D. Utah 2005) (citations omitted).

One bankruptcy court in the Southern District of Texas considered both objective

1 and subjective good faith an analyzing 11 U.S.C. § 362(c)(3), a similar provision under
2 the new law. In re Charles, 334 B.R. 207, 218 (Bankr. S.D. Tex. 2005). Analysis of
3 objective good faith acts as a threshold test. It looks at whether the case is likely to
4 result in a discharge, basically determining whether or not the case has a reasonable
5 likelihood of success. Id. at 219. After determining that there is a reasonable likelihood
6 of success, the court conducts a subjective good faith analysis and looks at the "totality
7 of the circumstances." This "totality of the circumstances" test involves a consideration
8 of the following factors: (I) the nature of the debts; (ii) the nature of any collateral; (iii)
9 eve of bankruptcy purchases; (iv) the debtor's conduct in the present case, (v) reasons
10 why the debtor wishes to extend the stay; and (vi) any other circumstances that weigh
11 on the wisdom of an extension. Id. No one factor is determinative. Id.

12 Another court has listed the following factors in determining if the debtor has filed
13 the bankruptcy in good faith under 11 U.S.C. § 362(c)(3): (1) the nature of the debt,
14 including the question of whether the debt would be nondischargeable in a chapter 7
15 proceeding; (2) the timing of the petition, (3) how the debt arose; (4) the debtor's motive
16 in filing the petition, (5) how the debtor's actions affected creditors; (6) the debtor's
17 treatment of creditors both before and after the petition was filed; and (7) whether the
18 debtor has been forthcoming with the bankruptcy court and creditors. In re Montoya,
19 333 B.R. 449, 457-58 (Bankr. D. Utah 2005).

20 At the hearing, I found the Debtor did show by clear and convincing evidence
21 that he has filed this bankruptcy in good faith as to this creditor, Countrywide, as
22 required under section 362(c)(4)(D)(i)(I). Because of the emergency filing, no
23 schedules or Chapter 13 plan have been filed. This made it difficult to conduct a
24 "totality of the circumstances" test. However, based on my discussions on the record
25 with Debtor's counsel in consultation with the Debtor, who was present, an analysis of
26

the likelihood of success in any Chapter 13 case was conducted.

The Debtor has tripled his income between the September 2005 and March 2006 bankruptcy filings, allowing for greater disposable income to dedicate to a plan. His wife has also taken a second job and is committed to staying with two jobs in order to make the plan work. Their combined monthly take-home pay is now around $5,500 per month, with a $3,400 monthly mortgage payment. The Debtor represented that his unsecured debt was fairly low, only a few thousand, and that his main problem was tax debt. He estimates approximately an $80,000 Franchise Tax Board liability and about that same amount for the IRS. His counsel believes both debts can be eliminated after he has been able to discuss them with the taxing authorities. They arise out of 1992, 1993 and 1994 taxes and Debtor has filed timely returns for those years.

Debtor states that he will tender all post-petition payments to Countrywide. There is a $3,400 April payment due by April 16, 2006, which Debtor states that he can make. The total delinquency on the mortgage is approximately $35,000 to $40,000. Debtor's counsel believes he can propose a plan which will pay that debt off in a 36 month plan. Debtor has $100,000 equity in his home based on a November 2005 appraisal obtained for purposes of the earlier attempted refinance. Debtor essentially admits that the plan may have problems if the taxing authorities disagree with his analysis of that debt. He has a $200 month automobile loan which is current. It appears that Debtor and his counsel have carefully evaluated the viability of a Chapter 13 case and have a reasonable plan for making it work.

While the tax issues are somewhat of a wild card as to the confirmability of the Chapter 13 plan or viability of the Chapter 13 reorganization, Debtor's counsel is an experienced Chapter 13 attorney and has made a careful analysis of the likelihood that a Chapter 13 plan will be successful. He appears to have put his own fees on the line.

1  Unless a plan is successful, he will have put in substantial work in negotiating with the
2  taxing authorities and not see any plan payments made to cover his supplemental fees.
3      While any refinancing is out of the question until the tax issues are resolved, that
4  is an option if Debtor is able to resolve his dispute with the FTB and IRS.  In the current
5  Southern California housing market, Debtor and his wife have a great incentive to make
6  their reorganization plan work.  Another mortgage or rental property at this monthly cost
7  would be difficult, and both spouses appear to have worked hard towards obtaining
8  solid professional employment in the area.
9      It appears that the totality of circumstances analysis that must be made at such
10  an early stage in a Chapter 13 case is necessarily that of a preliminary injunction -
11  likelihood of success on the merits combined with the likelihood of irreparable harm.  A
12  foreclosure tomorrow would irreparably harm the Debtor where he has substantial
13  equity and appears highly likely to be able to save his home.  There appears to be a
14  likelihood of success on the merits, i.e., a successful Chapter 13 reorganization.
15      As to the other factors enumerated by the courts, not all apply.  Those that do
16  would also seem to militate in favor of the Debtor.  There are no debts that are
17  nondischargeable.  This is a debtor who simply got seriously behind in his payments
18  while training for a new job.  The training period for his new employment paid one third
19  of what he makes now.  The timing of the petition appears to be due to poor legal
20  advice rendered by a nonlawyer.  This debtor was incorrectly advised by a non-lawyer
21  to let a pre-BAPCPA case be dismissed, and its concomitant automatic stay disappear,
22  when he could have sought an extension based on a refinancing delay at that time in
23  his earlier case.  The Debtor has not run up credit cards or engaged in any pre-filing run
24  up of debts.  The major debts are due to housing and taxes, a typical reason for
25  reorganization under Chapter 13.  The secured creditor is protected from any future
26

1 | failure of the Chapter 13 case by substantial equity in the house.[1]

2 |     Balancing of the above factors, the Debtor has met his burden of proof as to this secured creditor, Countrywide, and the automatic stay will be imposed solely as to that creditor subject to the following conditions:

    1.    Debtor will make his full April mortgage payment by April 15, 2006;

    2.    Debtor will remain current on all post-petition mortgage payments; and

    3.    Debtor will file complete schedules and his statement of affairs by March 24, 2006.

An order has been entered to this effect.

**IT IS SO ORDERED.**

DATED: March 17, 2006

                                                                                    MAUREEN A. TIGHE
                                                                                    United States Bankruptcy Judge

---

[1] I am making no ruling as to any future relief from stay motion at this time.

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was served on ___MAR 17 2006___ to the parties listed below:

[SEE ATTACHED SERVICE LIST]

Dated:  MAR 17 2006

_Jewell M. Williams_
DEPUTY CLERK

- 10 -

Darrick Floyd Morgan
22920 Cerca Drive
Santa Clarita, CA 91354


Kevin T. Simon
Simon & Resnik, LLP
Attorneys at Law
15233 Ventura Blvd., Suite 300
Sherman Oaks, CA 91403


Elizabeth F. Rojas
Chapter 13 Trustee
15301 Ventura Boulevard
Building B, Suite 400
Sherman Oaks, CA 91403


Homecomings Financial
P.O. Box 890036
Dallas, TX 75369


Countrywide Home Loans
P.O. Box 10219
Van Nuys, CA 91410


Countrywide Home Loans
7105 Corporate Drive
MS-PTX-B-209
Plano, TX 75024